FILED
VANESSA L. ARMSTRONG, CLERK

APR 2 4 2014

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

vs.

HERMAN SMITH

INFORMATION

No. 3:14CR-42-H

18 U.S.C. § 201(b)(2)
18 U.S.C. § 3261(a)(2)

The United States Attorney Alleges:

GENERAL ALLEGATIONS

1. On or about 2004 to September 1, 2009, the defendant **HERMAN SMITH** was a member of the Armed Forces subject to Chapter 47 of Title 10 (the Uniform Code of Military Justice).

2. On or about September 1, 2009, the defendant **HERMAN SMITH** was discharged from the Army.

3. The acts described in this Information occurred in and around Camp Arifjan, Kuwait, and inside and outside the United States.

4. Venue for the trial of the offense charged in this Information lies within the Western District of Kentucky at Louisville.

5. The conduct described in this Information would have constituted offenses punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

The United States Attorney Charges:

## COUNT 1

6. The General Allegations set forth in Paragraphs One through Five of this Information are realleged and expressly incorporated herein as if set out in full.

7. From in or about 2004 to 2009, in Camp Arifjan, Kuwait, and elsewhere outside and inside the United States, the Defendant, **HERMAN SMITH**, a public official, otherwise than as provided by law for the proper discharge of official duties, directly and indirectly did demand, seek, receive, accept, and agree to receive and accept something of value personally for and because of an official act performed and to be performed by **HERMAN SMITH**, that is **HERMAN SMITH** corruptly received and accepted approximately $33,000, a portable Play Station, and a laptop computer, directly and indirectly, from V.N., on behalf of the Al Ghannam & Nair General Trading Company, for aiding and facilitating procurement of contracts to provide services to the U.S. Army Dining Facility at Camp Arifjan, Kuwait.

In violation of Title 18, United States Code, Section 201(b)(2).

_____
DAVID J. HALE
UNITED STATES ATTORNEY

DJH:JDJ

UNITED STATES OF AMERICA v. HERMAN SMITH

## PENALTIES

Count 1: NM 2 yrs./$250,000/both/NM 3 yrs. Supervised Release.

## NOTICE

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:  Clerk, U.S. District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202
502/625-3500

BOWLING GREEN:  Clerk, U.S. District Court
120 Federal Building
241 East Main Street
Bowling Green, KY 42101
270/393-2500

OWENSBORO:  Clerk, U.S. District Court
126 Federal Building
423 Frederica
Owensboro, KY 42301
270/689-4400

PADUCAH:  Clerk, U.S. District Court
127 Federal Building
501 Broadway
Paducah, KY 42001
270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.